UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cr-00141-MOC-DCK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **JAMES MCCONNELL,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion to Continue (oral) and Motion for Reconsideration (#22) of Order concerning defendant's competency.

Despite the report from the Warden of FMC Butner being filed in January 2014, and despite counsel for defendant having promised the Magistrate Judge in September 2013 that she would follow up her oral Motion for Psychiatric Examination with a Motion for a Competency Hearing, as late as one week before the March 14, 2014, calendar call, counsel for defendant had neither filed a motion for competency hearing nor informed the court in any manner that the Federal Defender intended to retain its own expert or otherwise challenge the rather straightforward determinations made in the Forensic Report. Based on the uncontested Forensic Report that was before the court immediately before calendar call and having listened to the FTR recording of the hearing at which counsel had moved for the evaluation, the court concluded that reasonable cause had not been shown for a competency hearing and that defendant was competent to

1

proceed. After that effort by the court, counsel for defendant moved to reconsider that Order, three days before calendar call.

While the court is aware of the workload of the Community Defender, the workload of the court is no less great. At a minimum, the Community Defender is expected to follow through on promises it makes to the court, advise the court where it has -- on its own authority -- retained an expert, and seasonably file appropriate motions. In this instance, the performance of the Community Defender has fallen below this court's expectations. In light of the still uncontested and well supported conclusions contained in the Forensic Report, the court hesitates to withdraw its Order (#21), but will do so in anticipation of defense counsel filing a notice with the court as to who that expert is and when that report will be available, and then promptly filing a motion for a competency hearing. The court expects such to be accomplished well in advance of the May 2014 calendar so that the Magistrate Judge may have an opportunity to conduct a competency hearing *de novo*.

Having considered defendant's oral motion for continuance and reviewed the pleadings, the court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's

(1) Motion for Reconsideration (#22) is GRANTED, and Order (#21) is withdrawn; and

(2) Motion to Continue (oral) is **GRANTED,** and this matter is continued to the next criminal term, and the court finds the delay caused by such continuance

shall be excluded in accordance with 18 U.S.C. § 3161(h)(7)(B)(iv), as failure to grant such a continuance would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Further, the ends of justice served by granting such continuance outweigh the best interests of the public and the defendant in a speedy trial. Specifically, defendant and counsel have shown a need for additional time to retain an expert and file a motion for a competency hearing. This matter is continued to the May 2014 term, and the time is excluded.

Signed: 3/24/2014

Max O. Cogburn Jr.
United States District Judge