UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cr-00141-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **JAMES MCCONNELL,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion for Credit for Time Served. In his motion, defendant states that the Bureau of Prisons has failed to give him credit for time served despite this court's instruction in its Judgment (#63) that he receive credit for time served. The Judgment provided, as follows:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ONE HUNDRED AND THIRTY (130) MONTHS, to run consecutively to the term imposed in 3:02cr250 and 3:03cr139 and any State sentence. The defendant shall receive credit for time served.

Id. at 2 (emphasis deleted).

Calculation of credit for time spent in prior custody is governed by 18 U.S.C. § 3585(b). In United States v. Wilson, 503 U.S. 329 (1992), the Supreme Court held that it is the Attorney General (through the Bureau of Prisons) who is responsible in the first instance for computing credit under § 3585(b). Id. at 334-35. The Court in Wilson made it clear that "[Section] 3585(b) does not authorize a district court to compute the [presentence detention] credit at sentencing." Id. at 334. While the court may include an instruction in its order that a defendant be given credit for

any time served, only the Attorney General, acting through the Bureau of Prisons, may compute sentencing credit. Id. at 334-35.

If petitioner is dissatisfied with the decision rendered by the BOP under §3585(b), he must first exhaust his administrative remedies. Once administrative remedies are exhausted, see 28 C.F.R. §§ 542.10–542.16, a dissatisfied defendant may then seek judicial review of any jail-time credit determination, Wilson, 503 U.S. at 335, by filing a *habeas petition* under 28 U.S.C. § 2241 **in the district of confinement**. Thomas v. Whalen, 962 F.2d 358 (4th Cir.1992).

Having considered defendant's motion and reviewed the pleadings, the court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Credit for Time Served (#66) is **DENIED** without prejudice.

Signed: December 7, 2015

Max O. Cogburn Jr.
United States District Judge