UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cr-00141-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| **JAMES MCCONNELL,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant McConnell's *pro se* letter (#71). In that pleading, Defendant McConnell challenges the Bureau of Prison's ("BOP") calculation of his sentence and more specifically, its alleged failure to give him credit for time served. Having considered defendant's motion and reviewed the pleadings, the court enters the following Order.

The court notes that this letter repeats the contentions of defendant's earlier letter (#69). In the court's prior Order (#70), the defendant was advised that a challenge to the computation of a sentence, it must be brought in the district of confinement, not the sentencing district. See United States v. Miller, 871 F.2d 488 (4th Cir. 1989). As the Miller panel noted:

> A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. Judicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court. *See United States v. Brown,* 753 F.2d 455 (5th Cir. 1985).

-1-

Miller, 871 F.2d at 490 (emphasis added). In sum, defendant believes he is entitled to credit for time served in custody prior to his federal sentence. Review of the letter reveals that defendant is being housed by BOP at *USP Allenwood* and review of the BOP website discloses a projected release date in 2026.

While this Court believes strongly that a person convicted of an offense should receive full credit for time served, calculation of credit for time spent in prior custody is governed by 18 U.S.C. § 3585(b). In United States v. Wilson, 503 U.S. 329 (1992), the Supreme Court held that it is the Attorney General (through the BOP) who is responsible in the first instance for computing credit under § 3585(b). Id. at 334-35. The Court in Wilson made it clear that "[Section] 3585(b) does not authorize a district court to compute the [presentence detention] credit at sentencing." Id. at 334.

If Defendant McConnell is dissatisfied with the decision rendered by the BOP under §3585(b), he must first exhaust his administrative remedies and only then may he file a §2241 petition in the district of confinement, which is the Middle District of Pennsylvania. Once administrative remedies are exhausted, see 28 C.F.R. §§ 542.10–542.16, an inmate may then seek judicial review of any jail-time credit determination, Wilson, 503 U.S. at 335, by filing a *habeas petition* under 28 U.S.C. § 2241 in the district of confinement. Thomas v. Whalen, 962 F.2d 358 (4th Cir. 1992).

In sum, a district court does not have the authority to determine the extent of credit toward the service of a term of imprisonment for time spent in official detention at sentencing. See 18 U.S.C. § 3585(b); United States v. Wilson, 503 U.S. 329, 334 (1992).

Only the Attorney General, acting through the Bureau of Prisons, may compute sentencing credit. Id. at 334-35.

## ORDER

**IT IS, THEREFORE, ORDERED** that to the extent defendant seeks relief from this Court in his *pro se* letter (#71), such relief is **DENIED** without prejudice as to filing an appropriate motion in the district of confinement after exhaustion of administrative remedies. The district in which defendant is confined is the Middle District of Pennsylvania.

Signed: July 20, 2017

Max O. Cogburn Jr.
United States District Judge