UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-CR-00141-MOC

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Vs. | ) ORDER DENYING RELIEF |
| | ) and |
| | ) ADVISING DEFENDANT |
| | ) CONCERNING ABUSIVE FILING |
| **JAMES MCCONNELL,** | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on a letter received from defendant dated December 12, 2018. The Court has read the letter in a light most favorable to defendant and determined that it contains two issues: first, why his jail credit has not been properly calculated by the Bureau of Prisons; and second, why he has not heard from the Court concerning his Section 2255 action. The Court will resolve this First Issue in this Order and will more completely address the second issue in the Section 2255 action, which is McConnell v. United States, 3:16cv574.[1]

As to the First Issue, defendant asks why he was not properly credited for time served, including time he was in state custody on a federal hold. He contends that this Court stated at the sentencing hearing that he was to receive credit for time served starting April 2, 2013, which he contends is the date the federal hold was placed. This Court's Judgment provided, as follows:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ONE HUNDRED AND THIRTY (130) MONTHS, to run consecutively to the term imposed in 3:02cr250 and

---

[1] While the Second Issue will be addressed at greater length in the Section 2255 action, a decision was issued in the Section 2255 action in May 2018 denying relief. The mailing of that decision to USP Allenwood came back as undeliverable, apparently because defendant had been transferred. Defendant is advised that it is his responsibility to notify the Clerk of Court of any change of mailing address.

1

> 3:03cr139 and any State sentence. The defendant shall receive credit for time served.

Judgment (#63) at 2. The Judgment does not reflect that the Court determined on what date credit for time served should commence as defendant suggests.

This is not the first time that defendant has asked this Court this exact question. It is the fourth time. See Letter (#66) and Order (#67); Letter (#69) and Order (#70); Letter (#71) and Order (#72). By way of example, in 2015 defendant filed a Motion for Credit for Time Served (#66). In denying that motion, the Court advised defendant of the appropriate procedures for contesting the calculation of a sentence by the Bureau of Prisons. Order (#67). That same advice was given twice again in 2017.

Confronted with defendant's Fourth Letter raising the same issue (Issue One), defendant is cautioned that further letters making the same argument could be deemed abusive filings and result in the imposition of sanctions ranging from a monetary sanction (which may be collectible from canteen funds) to a filing ban. The Court wishes to do neither and believes that this final warning will be sufficient, despite the redundant nature of the filings, as defendant appears to be intelligent, straightforward, and respectful in his correspondence.

On last time, the Court advise defendant concerning calculating jail credit. Calculation of credit for time spent in prior custody is governed by 18 U.S.C. § 3585(b). In United States v. Wilson, 503 U.S. 329 (1992), the Supreme Court held that it is the Attorney General (through the Bureau of Prisons) who is responsible in the first instance for computing credit under § 3585(b). Id. at 334-35. The Court in Wilson made it clear that "[Section] 3585(b) does not authorize a district court to compute the [presentence detention] credit at sentencing." Id. at 334. While a court may, as it did here, include an instruction in its order that a defendant be given credit for any time

served, only the Attorney General, acting through the Bureau of Prisons, may compute sentencing credit. Id. at 334-35.

Defendant is advised that if he is dissatisfied with the final decision rendered by the BOP under §3585(b), he must first exhaust his administrative remedies. Once administrative remedies are exhausted, see 28 C.F.R. §§ 542.10–542.16, a dissatisfied defendant may then (and only then) seek judicial review of any jail-time credit determination, Wilson, 503 U.S. at 335, by filing a habeas petition under 28 U.S.C. § 2241 in the district of confinement. Thomas v. Whalen, 962 F.2d 358 (4th Cir. 1992). That district of confinement now appears to be within the jurisdiction bounds of the United States Court Southern District of West Virginia.

**ORDER**

**IT IS, THEREFORE, ORDERED** that to the extent defendant seeks relief on the First Issue in his December 10, 2018, letter (#74), such relief is again **DENIED** for the reasons discussed herein.

The Clerk of Court is instructed to also file the letter (#74) in McConnell v. United States, 3:16cv574, wherein Issue Two (as identified herein) will be formally addressed.

The Clerk of Court is further instructed to note in ECF defendant's new mailing address as provided on the handwritten envelope (#74-1).

Signed: December 20, 2018



Max O. Cogburn Jr.
United States District Judge

3