# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:13-cr-141-MOC-DSC-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| vs. | ) |
| | ) **ORDER** |
| JAMES MCCONNELL, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Defendant's pro se letter Motion to Appoint Counsel for Compassionate Release/Reduction of Sentence, Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 76). Defendant, an inmate at USP Terre Haute in Terre Haute, Indiana, seeks a reduction of his sentence based on the COVID-19 pandemic, stating only that he has been diagnosed with "COPD and asthma." Title 18, Section 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they must at least ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020). Here, Defendant has not indicated that he has provided the Bureau with thirty days to evaluate his compassionate release request before filing his motion in this Court. Thus, it appears he has not exhausted his administrative remedies. The Court will therefore deny the motion without prejudice to Defendant to refile the motion, showing that he has exhausted administrative remedies with the BOP.

Furthermore, to the extent Defendant seeks appointment of counsel to assist him with pursuing his motion for compassionate release, there is no general constitutional right to appointed counsel in post-conviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551,

555 (1987); United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013). Instead, the Court has discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require. See United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000); see also United States v. Reed, 482 F. App'x 785, 786 (4th Cir. 2012); cf. 18 U.S.C. § 3006A(a)(2)(B) (providing interests of justice standard for appointment of counsel in similar post-conviction proceedings). Here, Defendant has not established that the interests of justice require appointment of counsel. Accordingly, the Court denies Defendant's request for appointment of counsel.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion to Appoint Counsel for Compassionate Release/Reduction of Sentence, Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 76), is **DENIED**, without prejudice to Defendant to refile the motion after he has exhausted his remedies with the BOP. Furthermore, to the extent that Defendant seeks appointment of counsel, the motion is denied.

Signed: October 26, 2020

Max O. Cogburn Jr
United States District Judge