UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-CR-141-MOC-1

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Vs. | ORDER |
| **JAMES MCCONNELL**, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 79). The Government has responded in opposition to the motion. (Doc. No. 84). For the following reasons, Defendant's motion will be **DENIED**.

## I. BACKGROUND

In April of 2012, Defendant robbed a BB&T bank in Charlotte, North Carolina. (WDNC Case No. 3:13-cr-141, Doc. No. 59 ¶¶ 6–7, 10–14). When Defendant committed this offense, he had previously been convicted of numerous robbery offenses, kidnapping, stalking, breaking and entering, and three federal bank robbery offenses. (Id., Doc. No. 59 ¶¶ 42–55). Defendant was on supervised release in two cases related to his bank robbery offenses when he robbed the bank.

A federal grand jury indicted Defendant and charged him with bank robbery, 18 U.S.C. § 2113(a). (Id., Doc. No. 1). Defendant pleaded guilty, and this Court sentenced him to a downward variance term of 130 months in prison in July of 2015. (Id., Doc. Nos. 59, 63–64). This Court also revoked Defendant's supervised release in his other two federal cases, sentencing him to eight months in prison in each of those cases, to run concurrently with each other but consecutively to the 130-month sentence imposed in this case. (Id., Doc. No. 63 at 2). Defendant

1

now asks this Court to grant him compassionate release.

## II. DISCUSSION

Section 3582(c)(1)(A) authorizes a district court to reduce a defendant's sentence, after considering the sentencing factors described in 18 U.S.C. § 3553(a), if the court finds that (1) extraordinary and compelling reasons warrant a sentence reduction and (2) a sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission." The Sentencing Commission's policy statement applicable to compassionate release requests is Sentencing Guidelines § 1B1.13. Although the Fourth Circuit held in United States v. McCoy that § 1B1.13 was not an "applicable policy statement" limiting a district court's authority to grant compassionate release because the Sentencing Commission had not amended § 1B1.13 to incorporate changes to § 3582(c)(1)(A) made by the First Step Act, 981 F.3d 271, 282 (4th Cir. 2020), the Sentencing Commission amended § 1B1.13, effective November 1, 2023. The amended policy statement now governs Defendant's motion for compassionate release.

Section 1B1.13, as amended, authorizes this Court to grant a defendant's motion for compassionate release if the Court finds that extraordinary and compelling reasons warrant a sentence reduction and that the defendant is not a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13 (a). Section 1B1.13(b) describes six categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release: (1) medical circumstances of the defendant; (2) the age of the defendant; (3) a defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury"; (5) "other reasons" similar in gravity as those articulated in (1)–(4); and (6) an unusually long sentence.

Medical circumstances that a court may find to support a finding of extraordinary and

2

compelling reasons include a terminal illness; a serious medical condition or impairment or a deterioration of physical or mental health caused by aging that "substantially diminishes the ability of the defendant to provide self-care and from which he is not expected to recover; and a medical condition requiring long-term or specialized medical care that is not being provided and that presents a risk of serious deterioration in health or death. Id. § 1B1.13(b)(1). A court may also find extraordinary and compelling reasons justifying compassionate release under this category if the defendant shows that he is housed at a correctional facility affected by an ongoing outbreak of infectious disease or public health emergency, the defendant is at increased risk of suffering severe medical complications or death as a result, and this risk cannot be adequately mitigated in a timely manner. Id.

A defendant's age may constitute an extraordinary and compelling reason if the defendant is at least 65 years old, is experiencing a serious and age-related deterioration in physical or mental health and has served at least 10 years or 75 percent of his term of imprisonment, whichever is less. Id. § 1B1.13(b)(2). Family circumstances may constitute an extraordinary and compelling reason upon (1) the death of incapacitation of the caregiver of the defendant's minor child or the defendant's older child who is incapable of self-care because of a medical disability or condition, or (2) the incapacitation of the defendant's spouse, partner, parent, or equivalent relation when the defendant would be the only available caregiver. Id. § 1B1.13(b)(3). A court may also find that extraordinary and compelling reasons for compassionate release exist where a defendant presents "any other circumstance or combination of circumstances that "are similar in gravity to those described" above.

Additionally, a court may find extraordinary and compelling reasons warranting compassionate release where a defendant received "an unusually long sentence" and has served

3

at least 10 years of that sentence and a new legal development, other than a retroactive amendment to the Sentencing Guidelines, "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." Id. § 1B1.13(b)(6). A court considering whether a change in law constitutes an extraordinary and compelling circumstance must consider fully "the defendant's individualized circumstances." Id.

Defendant does not describe any extraordinary and compelling circumstance in his motion for compassionate release. He seems to suggest that the Bureau of Prisons has not adequately credited him with time as this Court ordered. The Court has previously considered and denied Defendant's sentence calculation claim numerous times and has even warned Defendant not to present that claim again unless he has exhausted administrative remedies. Defendant has not shown that he has exhausted administrative remedies, nor has he described any extraordinary and compelling reason to grant him compassionate release.

For all these reasons, the Court will deny Defendant's motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 79), is **DENIED**.

Signed: February 12, 2024

Max O. Cogburn Jr
United States District Judge